UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:18-CR-00021-JSM-TBM

v.

VICTOR HERNAN MARIN-HERNANDEZ

_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, Victor Hernan Marin-Hernandez, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Marin-Hernandez's sentence, and states as follows:

## PROPOSED GUIDELINE CALCULATION

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | **38** |
| **USSG §2D1.1(b)(17)** | **-2** |
| **Adjustment for Role** | **-2** |
| **Acceptance of Responsibility** | **-3** |
| **Criminal History Category** | **I** |
| **USSG §5K1.1** | **-2** |
| **Total Offense Level** | **29** |
| **Guidelines Range** | **87-108 months** |

1

I.  **THE APPLICABLE SENTENCING STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

In this case, a sentence of 87-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

## II. SENTENCING GUIDELINE APPLICATION

### A. Base Offense Level and Adjustments in the PSR

Mr. Marin-Hernandez pled to an offense involving more than 450 kilograms of cocaine. Under U.S.S.C. § 2D1.1(c)(3), that weight of cocaine carries a base offense level of 38. The Base Offense Level and variations set forth in paragraphs 18 to 27 of the PSR (Doc. 72) are not in dispute except for paragraph 21, Role in the Offense.

### B. Role Adjustment

Mr. Marin-Hernandez should receive a downward role adjustment of at least two levels for his minor involvement in the alleged conspiracy.

Under U.S.S.G. § 3B1.2(b), "If the defendant was a minor participant in any criminal activity," his guidelines range is decreased by two levels. The commentary to this guideline explains that the determination of a mitigating role "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." In determining whether to this guideline, the Court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

3

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

Here, Mr. Marin-Hernandez was, at best, a courier. At best, it could be said that he was on a boat that was transporting cocaine and his tasked duty was simply to be a mariner. Mr. Marin-Hernandez was paid a fee to perform that specific task. There is no evidence that Mr. Marin-Hernandez knew anything about the size and scope of the conspiracy. Further, there is no evidence that Mr. Marin-Hernandez participated in the planning of the venture or had any decision-making authority with respect to any aspect of the conspiracy. It appears that Mr. Marin-Hernandez's role was limited to simply being a mule to move drugs, at best.

Mr. Marin-Hernandez's role is best defined by the things that he <u>did not do:</u>

1. Mr. Marin-Hernandez did not understand the scope of the entire conspiracy.

2. Mr. Marin-Hernandez did not know all of the members of the conspiracy.

3. Mr. Marin-Hernandez did not receive any additional pay connected to the conspiracy.

4. Mr. Marin-Hernandez did not have authority to change the packaging or dispose of the narcotics and never claimed ownership of the narcotics.

5. Mr. Marin-Hernandez did not organize the shipment of cocaine, but merely assisted in transportation.

6. Mr. Marin-Hernandez was merely being paid to perform one certain task.

Review of the facts of the present case reveal that Mr. Marin-Hernandez had no decision making authority, was merely a courier, did not recruit accomplices, profited no more than any other co-conspirator, did not plan the offense, and did not exercise control over others. Mr. Marin-Hernandez was simply "paid to perform certain tasks." Additional, uncharged, co-conspirators performed additional tasks, held more responsibility and control, and were aware of the scope of the entire conspiracy. In comparison to those uncharged co-conspirators, Mr. Marin-Hernandez played a less significant and minor role. Therefore, Mr. Marin-Hernandez should receive a mitigating role adjustment of two levels.

### III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Mr. Marin-Hernandez is a 51-year old Ecuadorian native with an 4th grade education and **no criminal history**. Due to poverty, Mr. Marin-Hernandez left school after his father died to find work to support his family. Financial strain and the need to provide for his family, including a disabled son, drove him to involvement in this conspiracy.

Based on the factors under 18 U.S.C. § 3553(a), Mr. Marin-Hernandez respectfully requests that the Court impose a sentence of 87 months based on a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Marin-Hernandez respectfully requests that the Court find his total offense level under the guidelines to be 29 and sentence him to 87 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated: June 20, 2018                    Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Brian L. Shrader

**BRIAN SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Brian Shrader

Attorney